# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-50134
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
April 17, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JENNIFER ANN ESTRELLA,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-8-1

---

Before KING, HIGGINSON, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Jennifer Ann Estrella pleaded guilty to one count of possessing with intent to distribute five grams or more of actual methamphetamine. Estrella was sentenced within the applicable guidelines range to 98 months of imprisonment. On appeal, she contends that the district court erred in holding her accountable for 113.4 grams of actual methamphetamine for

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

sentencing purposes based on an individual's statement to law enforcement about purchasing methamphetamine from Estrella.

When a defendant, like Estrella, is convicted of a drug offense, her base offense level is determined based on the amount of drugs for which she is directly responsible and the amount that can be attributed to her as relevant conduct. *United States v. Cooper*, 274 F.3d 230, 238 (5th Cir. 2001). Relevant conduct includes all acts and omissions of the defendant that were part of the same course of conduct as the offense of conviction. U.S.S.G. § 1B1.3(a)(1)(A); § 1B1.3(a)(2). We review this issue for clear error. *United States v. Barfield*, 941 F.3d 757, 761 (5th Cir. 2019); *United States v. Betancourt*, 422 F.3d 240, 247 (5th Cir. 2005).

The district court could plausibly extrapolate from the evidence in the record that the statements to law enforcement, namely the number of sales and the quantity of actual methamphetamine purchased from Estrella, were sufficiently reliable to support the quantity of drugs attributable to her. *See United States v. Dinh*, 920 F.3d 307, 313 (5th Cir. 2019). We defer to a district court's credibility determination. *See United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008). Thus, we conclude that the district court's finding was plausible in light of the record as a whole and that the court did not clearly err in attributing to Estrella for sentencing purposes at least 136.6 grams of actual methamphetamine, which included 113.4 grams in purchases from Estrella. *See Betancourt*, 422 F.3d at 246.

AFFIRMED.